TUCKER ELLIS LLP
MOLLIE F. BENEDICT SBN 187084
mollie.benedict@tuckerellis.com
MONEE TAKLA HANNA SBN 259468
monee.hanna@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone: 213.430.3400
Facsimile: 213.430.3409

DUSTIN B. RAWLIN, *pro hac vice*
dustin.rawlin@tuckerellis.com
950 Main Street, Suite 1100
Cleveland, OH 44113-7213
Telephone: 216.592.5000
Facsimile: 216.592.5009

Attorneys for Defendant MENTOR WORLDWIDE LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA EBRAHIMI,<br><br>       Plaintiff,<br><br>  v.<br><br>MENTOR WORLDWIDE LLC;<br>JOHNSON & JOHNSON SERVICES, INC.<br><br>       Defendants. | Case No. 2:16-cv-07316-DMG-KS<br><br>Hon. Dolly M. Gee<br>**DEFENDANT MENTOR WORLDWIDE LLC'S REPLY IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>**Date:** February 10, 2017<br>**Time:** 9:30 A.M.<br>**Courtroom:** 8C |

# REPLY MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In her opposition to Defendant Mentor Worldwide LLC's ("Mentor") Motion to Dismiss, Plaintiff misinterprets the applicable law, ignores Defendant's arguments and simply concedes other points. Plaintiff attempts to evade express and implied preemption by reinterpreting her claim for "failure to complete studies" as a claim for "failure to report adverse events." Her failure to warn claim, however, is based on nothing more than conclusory assumptions atop unfounded deductions, which is insufficient to survive dismissal. Likewise, Plaintiff's manufacturing defect claim is devoid of factual allegations necessary to sustain a non-preempted parallel claim. Finally, Plaintiff does not dispute that negligence per se is not an independent cause of action in California. Accordingly, Plaintiff's Complaint should be dismissed in its entirety.

## II. ARGUMENT

### A. Plaintiff Does Not Assert A Properly Pleaded Failure-to-Warn Claim That Survives Preemption

#### 1. Plaintiff's failure-to-warn claim is an attempt to enforce a federal regulation and is impliedly preempted

Plaintiff's failure to warn claim is premised entirely on the dubious allegation that Mentor did not "complete" its post-approval studies and thus seeks to enforce an exclusively federal requirement. The MDA, however, provides that all actions to enforce FDA requirements "shall be by and in the name of the United States." 21 U.S.C. § 337(a). This provision "leaves no doubt that it is the Federal Government rather than private litigants who are authorized to file suit for noncompliance with the medical device provisions." *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 349 n.4 (2001). "[C]laims rooted in violation of federal administrative and reporting requirements, but not on traditional state tort law, are impliedly preempted. *Vincent v.*

*Medtronic, Inc.*, No. 16 CV 02990, 2016 WL 7374271, at *3 (N.D. Ill. Dec. 20, 2016) (citing *Buckman Co.*, 531 U.S. at 353)).

Plaintiff does not dispute that there is no private right of action for claims premised on the FDCA. *See Perez v. Nidek Co., Ltd.*, 711 F.3d 1109, 1119 (9th Cir. 2013) (finding plaintiffs fraud claim preempted because it "exist[s] solely by virtue of the FDCA . . . requirements") (citations omitted). Nor does she dispute that there is no state-law duty to conduct "follow-through studies." *See generally* Pl.'s Opp'n. The federal requirement to "complete" the post-approval studies outlined in the PMA exists only by virtue of the FDCA and Plaintiff's attempted private enforcement of that requirement is an impermissible attempt to supplant the FDA's exclusive enforcement authority, which is impliedly preempted. *Buckman* does not, as Plaintiff contends, apply only when alleging fraud in obtaining its premarket approval. Pl.'s Opp.'n at 7. Rather, *Buckman* applies to a claim, like the one asserted here, which is premised solely on a violation of federal requirements.

Moreover, Plaintiff's own allegations and cited authority confirm that the post-approval studies are within the exclusive enforcement authority of the FDA. Indeed, Plaintiff's allegations are based on data made available by the FDA on its website and the FDA post-approval report which explicitly states that the FDA "[c]losely monitors the status and conduct of the on-going required post-approval studies so that data is collected, validated scientifically and disseminated widely." *See* Exhibits 3–8, 11 to Pl.'s Compl. The FDA, recognizing that "[e]ach study had some patients who were not available for follow-up because they had died or discontinued participation,"[1] has had ample opportunity to identify any deviations from federal requirements in the 10 years since the MemoryGel Silicone Breast Implants' approval, but has not taken any action on the allegations in Plaintiff's Complaint. To allow this Plaintiff to now take action

---

[1] *See* Exhibit 11 to Compl., FDA Update on the Safety of MemoryGel Silicone Gel-Filled Breast Implants, Executive Summary.

against Mentor involving one of the most stringently scrutinized medical devices approved by the FDA would frustrate the FDA's authority, conflict with the FDA's enforcement scheme, and run contrary to the precedent set forth in *Buckman*.

### 2. Plaintiff has not pled facts supporting a parallel failure-to-warn claim

In her Opposition, Plaintiff now attempts to rescue her impliedly preempted claims by recasting and disguising them as a failure to "report adverse events," a term conspicuously absent from her Complaint. *See generally* Compl. Even if a failure to report adverse events could form the basis of a parallel claim, Plaintiff has not provided factual support that Mentor failed to report any adverse events. "To survive a motion to dismiss on a state law failure to warn claim that is parallel to federal regulations the complaint 'must include allegations of actual adverse events that Defendants did not report." *Weaver v. Ethicon*, No. 16cv257-GPC(BGS), 2016 WL 7098781, at *6 (S.D. Cal. Dec. 6, 2016) (quoting *Grant v. Corin Group PLC*, No. 15cv169-CAB-BLM, 2016 WL 4447523, at *7 (S.D. Cal. Jan. 15, 2016)).

Here, Plaintiff makes only the unsupported and illogical assertion that if Mentor's post-approval study participants had provided more information, that information would necessarily have resulted in reportable "adverse events" "all of which would have led to reports suggesting the device's contribution to death or serious injury." Pl.'s Opp'n at 10. Such an assertion is replete with unwarranted inferences and would require this Court to make acrobatic leaps of logic to find it plausible. Plaintiff simply does not plead any facts that would allow the court to reasonably infer that Mentor failed to report an adverse event. A court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable interferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th

Cir. 2008).[2]  Plaintiff thus has not 'nudge[d] [her] claims across the line from conceivable to plausible.'" *Eclectic Props. E., LLC v. Marcus & Millichap Co.,* 751 F.3d 990, 997 (9th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007) (internal alteration omitted)); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Contrary to Plaintiff's assertion, the Ninth Circuit's decision in *Stengel v. Medtronic* does not compel a different result here. 704 F.3d 1224 (9th Cir. 2013). In *Stengel*, the plaintiff-patient had a catheter surgically implanted in his abdomen to facilitate pain relief, which later allegedly caused him paralysis. *Id*. at 1227. The plaintiff pled specific facts showing that after the pain pump was approved for use by the FDA, Medtronic became aware that of the risks of paralysis but had failed to inform the FDA in violation of the MDA. *Id*. Moreover, the FDA discovered the risks, and discovered that Medtronic was aware of the risks when it inspected a Medtronic facility in 2006 and 2007. *Id*. FDA issued Medtronic a warning letter and the device was eventually recalled three years after plaintiff's injury. *Id*. Relying on those facts, the Ninth Circuit found that a failure to report adverse events to the FDA supported a parallel claim that survived express and implied preemption because "Arizona law contemplates a warning to a third party such as the FDA." *Id*. at 1233.

In stark contrast to *Stengel*, in which the plaintiffs came forward with *specific* factual allegations supporting their proposed parallel claim, Plaintiff here provides no factual support to demonstrate her unwarranted claim that Mentor "failed to report adverse events." She points to no FDA warning letters or recalls evidencing a failure to report or any failure to inform the FDA of known risks. In fact, Plaintiff's own allegations and appended exhibits demonstrate that the FDA was well aware of the

---

[2] *See also Simmons v. Boston Scientific Corp*., No. CV 12-7961 PA (FFMx), 2013 WL 1207421, at *5 (C.D. Cal. Mar. 25, 2013) (dismissing plaintiffs' failure to warn claim because they " provide no factual allegations sufficient to render plausible their claim that Defendants violated this federal obligation [filing adverse event reports].").

possibility that gel bleed—which Plaintiff alleges caused her injury—was a potential risk of a properly manufactured Mentor MemoryGel Silicone Breast Implant and granted approval for the device nonetheless. The possibility of gel bleed was communicated to consumers, healthcare providers and the FDA prior to the implantation of Plaintiff's implants through FDA-approved labeling. *See* Patient Brochure at 24–25, Exhibit 2 to Pl.'s Compl. and Exhibit 10 at 22, Product Insert Data Sheet. Plaintiff fails to allege a plausible parallel failure to warn claim.

### 3. Plaintiff's claim is nothing more than a routine failure- to-warn claim, which is preempted.

Throughout her Complaint and her Opposition, Plaintiff makes it clear that her failure-to-warn claim, at its root, is predicated on alleged deficiencies in the labeling approved by the FDA through the premarket approval process. She admits as much in her opposition when she claims that the "risk of a significant gel bleed was not disclosed or discussed in what Mentor calls its "Directions for Use" or in its consumer labeling." Pl.'s Opp. at 11. As such, plaintiff's failure to warn claim essentially seeks a change in the FDA-approved labeling, rendering that claim expressly preempted under *Riegel*. *See* Mentor's Mot. at 14–16. Plaintiff's reliance on the post-approval studies as the basis for her failure-to-warn claim is a strained attempt to evade express and implied preemption and should not survive dismissal.

### B. Plaintiff's Manufacturing Defect Claim is Predicated on Conclusory Allegations and Does Not Constitute a Parallel Claim.

Plaintiff's manufacturing defect claim is not a viable parallel claim as it is composed of nothing more that conclusory allegations. A plaintiff "cannot simply incant the magic words '[defendant] violated FDA regulations' in order to avoid preemption." *Simmons*, 2013 WL 1207421, at *4 (quoting *Wolicki-Gables v. Arrow In'l, Inc.*, 634 F.3d 1296, 1301 (11th Cir. 2011)). And yet that is what Plaintiff attempts

here. She baldly asserts that the mere existence of her alleged injuries alone evidence a deviation from the FDA-approved product specifications.

To plead an adequate, non-preempted parallel claim for federal violations in manufacturing, the plaintiff must identify "what went wrong in the manufacturing process and cite[] the relevant FDA manufacturing standards [that were] allegedly violated." *Bass v. Stryker*, 669 F.3d 501, 510 (5th Cir. 2012) (quoting *Funk v. Stryker Corp.*, 631 F.3d 777, 782 (5th Cir. 2011)). In *Bass*, the court found that the plaintiff had met the plausibility standard articulated in *Twombly* based on allegations that a component was adulterated in violation of specifically identified federal regulations, as well as: the FDA's recently issued warning letter noting the defendants' failure to take measures to reduce a microbial contaminant at a specific point in the manufacturing process; allegations that the contaminant was known to cause the specific injury complained of by the plaintiff; and the defendants' recall of the component at issue after the issuance of the warning letter. *Id*. Such allegations were sufficient to render plausible plaintiff's claim that the defendants violated FDA regulations in the manufacturing process and that these violations resulted in the defect that caused plaintiff's injuries. *Id*. at 510, 515.

Unlike *Bass*, none of the operative facts that allowed the court to find a parallel manufacturing defect claim are present here. She concludes, without factual support, that the implants she received differed from those approved by the FDA. Pl.'s Opp'n at 13. Plaintiff's only purported evidence of a manufacturing violation is the allegation of the gel bleed itself and unspecified references to generic current Good Manufacturing Practices, which are simply insufficient to establish a viable claim surviving preemption. *Frere v. Medtronic*, No. EDCV 15-02338-BRO(DTBx), 2016 WL 1533524, at *6 (C.D. Cal. Apr. 6, 2016) (cGMPs are "too generic, standing alone, to serve as the basis for [a plaintiff's] manufacturing defect claim."). Plaintiff's manufacturing defect claim should thus be dismissed.

### C. Plaintiff Still Has Not Alleged a Causal Nexus Between the Alleged Violations and Her Injuries.

Plaintiff has not established a causal nexus between her alleged injuries and the alleged federal violations. To properly plead parallel claims that survive preemption, a plaintiff must allege (1) the violation of a specific federal requirement applicable to the device; (2) the violation of an identical state-law duty; and (3) that the predicate federal violation caused his or her injuries." *Millman v. Medtronic*, No. 14-cv-1465, 2015 WL 778779, at *4 n.2 (D.N.J. Feb. 24, 2015).

Plaintiff makes only the conclusory statement that "she has provided multiple occasions when Defendant failed to report adverse events to the FDA, all predating Plaintiff's 2013 implant surgery." However, the "occasions" to which she refers is simply a recitation of the progress of Mentor's post-approval studies, which is available on the FDA website and closely monitored by the FDA. Plaintiff makes the wholly unfounded conclusion that "of the patients who were accounted for, significant numbers reported systemic ailments which can only be attributed to gel bleed". Pl.'s Opp. at 11. She still has not pointed to a single fact, however, to support her conclusion that additional information from patients in post-approval studies would reveal an issue with "gel bleed" or would result in the FDA requiring different labeling.

And contrary to Plaintiff's assertion, her allegations are *not* similar to those in *Eidson v. Medtronic, Inc.*, 40 F. Supp. 3d 1202 (N.D. Cal. 2014). As Plaintiff herself acknowledges, the *Eidson* plaintiff provided studies demonstrating the underreporting of adverse events, which if reported, could have made plaintiff's surgeon aware of the adverse events. As discussed above, Plaintiff does not provide any factual support for her conclusion that Mentor did not report *adverse events*.

### D. Plaintiff's Negligence Per Se Claim is Not Cognizable.

Plaintiff does not dispute that California does not recognize an independent cause of action. Nor does plaintiff credibly dispute that her negligence per se claim is based on the FDCA and is therefore impliedly preempted. Her failure to respond is

7

tantamount to a concession. *See, e.g., Tatum v. Schwartz*, 2007 WL 419463, at *3 (E.D. Cal. Feb. 5, 2007) ("[Plaintiff] tacitly concedes this claim by failing to address defendants' argument in her opposition."). Thus, the Court should dismiss Plaintiff's negligence per se claim.

## III. CONCLUSION

Based on the above, Defendant Mentor Worldwide LLC respectfully requests that the Court enter an order granting Defendant's Rule 12(b)(6) Motion to Dismiss and dismiss Plaintiff's action, with prejudice, in its entirety.

DATED: January 27, 2017　　　　　　　TUCKER ELLIS LLP

　　　　　　　　　　　　　　　　　　By: */s/Mollie F. Benedict*
　　　　　　　　　　　　　　　　　　　　Mollie F. Benedict
　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant Mentor
　　　　　　　　　　　　　　　　　　　　Worldwide LLC

# CERTIFICATE OF SERVICE

I, Estella Licon, declare that I am a citizen of the United States and a resident of Los Angeles, California or employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Tucker Ellis LLP, 515 South Flower Street, Forty-Second Floor, Los Angeles, California 90071-2223.

On **January 27, 2017**, I served the following:

**DEFENDANT MENTOR WORLDWIDE LLC'S REPLY IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

on the interested parties in this action by:

(**X**) **ELECTRONICALLY VIA ECF:** the above-entitled document to be served electronically through the United States District Court, Southern District ECF website, addressed to all parties appearing on the Court's ECF service list. A copy of the "Filing Receipt" page will be maintained with the original document in our office.

(**X**) I declare that I am employed in the office of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **January 27, 2017**, at Los Angeles, California.

*/s/ Estella Licon*
Estella Licon